FILED - GR
July 1, 2008 9:15 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: gf

Original

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07-cr-94 |
| v. | ) | |
| | ) | |
| DANIEL DOYLE BENHAM, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE HONORABLE JUDGE OF SAID COURT

## DEFENDANT'S SWORN MOTION FOR DISQUALIFICATION OF PRESENT COUNSEL, and APPOINTMENT OF NEW COUNSEL

**NOW COMES DANIEL BENHAM**, (Benham) and files his Sworn Motion for Disqualification of Counsel and Appointment of New Counsel and for cause will show the court as follows:

### I. BACKGROUND

1. On May 13 2008, Defendant met with counsel (1st time) in Federal Court about 10 minutes prior to arraignment proceeding in this case. At this time, Benham spoke with counsel, John Karafa (Karafa), about Defendant's Bill of Particulars (BOP). Karafa promised to address the BOP but did not at that time.

2. On May 13, 2008, minutes prior to the arraignment, United States attorney Donald David (Davis) requested Karafa to join with Davis for discussion in the hallway. Benham heard the request made by Davis to Karafa and immediately requested to be present for the Davis-Karafa meeting, In an unprovoked and inappropriately harsh

tone, Davis stated to Benham "No, forget it!" whereupon Davis walked back to the front of the courtroom.

3. Karafa pleaded with Benham to be able to speak with Davis absent Benham's presence to which Benham responded by telling Karafa that Benham did not agree; However Karafa persisted and contrary to the express wishes, Karafa held ex-parte communications with Davis against Benham's repeatedly express objections. Karafa spent the rest of the time before the arraignment speaking with Davis and not Benham.

4. During the hearing, Benham asked Karafa again to file the BOP but Karafa said he would but now was not the time.

5. Benham asked Karafa what Karafa and Davis spoke of and Benham has not received a responsive answer from Karafa to date. Karafa has since avoided material questions from Benham, refused to answer jurisdictional issues with Benham, refused to give any form of responsive answers to Benham regarding Benham's BOP and has given Benham reasonable belief that prejudice or collusion and/or conspiracy, with Davis, against Benham is now active and ongoing. Further, Karafa has demonstrated and thus proven his incompetence by providing what can only be described as ineffective assistance of counsel to Benham causing prejudicial, hostile, unresponsive, ineffective and incompetent assistance of counsel to Benham in this case.

6. During the arraignment, Benham clearly caused the record to reflect that Benham did not understand what was going on or how and why the DOJ and/or the court had authority to handle this criminal matter that clearly is alleged to have taken place in the state of Michigan. Benham reflected this on the courts record by repeatedly letting

the court know Benham did "not understand" several defects, ambiguities and or confusing sections within the indictment and requested the court have the BOP addressed to clear up the confusion.

7. Karafa then pulled Benham aside and told Benham that

> "This is not the time for that. We can have the Motion answered, but this hearing is not the appropriate time for that. Just tell the judge that you understand what is going on."

8. Further, by his manner and words, Karafa made Benham believe, and Benham does believe, that the BOP would have been answered and that Davis would have to respond and/or answer as to the specifications raised within the BOP. Benham reasonably believes that Karafa was attempting to and did work in collusion and/or conspiracy with Davis, to keep the essential, material and relevant questions and facts within Benham's BOP away from Davis and the record and from the Court.

9. Following the arraignment Benham immediately filed BOP. However, the filing was returned by the Clerk a few days later and the court clerk's response was that because Benham had counsel, the counsel, Karafa, had to file court pleadings.

10. Despite Karafa having claimed to be too busy to meet Benham immediately, Benham finally did schedule a meeting with attorney (2nd time) respecting the BOP. Benham asked Karafa to respond and /or answer the questions, and to file the BOP. Benham also requested that if Karafa did not know the answers or otherwise have a response to the BOP, or if Karafa did not even agree with the BOP, then in that event, to file the BOP with the clerk as an *Anders filing*. Karafa again agreed to address the BOP but then told Benham it would take a couple days.

11. Benham asked Karafa if Karafa was aware of the FRCrP 7(F) regarding the 10 day time period after arraignment to file the BOP and Karafa admitted he was not aware of any such 10 day ruling but was familiar with the rule that was 20 days to file motions. Benham asked Karafa to read rule 7(f) of the FRCrP and Karafa indicated to Benham that he would. Karafa later, June 18th 2008 (clearly past the BOP and 12b time limits) admitted that he did know the BOP time limits as well as the 12b time limits. **Despite this absence of fundamental procedural deadlines, Karafa did not attempt to bring any of the controversies, challenges, defects, points, questions, or unclear/ambiguous sections of the indictment to the attention of neither the court nor the government, let alone within the time limits he at first denied knowing of but then later admitted to knowing of.**

12. Benham called Karafa's law firm over 6 times prior to the 10 day BOP deadline according to FRCrP 7(F). Benham received no response until the last request when Benham requested to replace his ineffective and unresponsive counsel for effective and competent counsel. Karafa's secretary (Jean) called Benham back and told Benham that Karafa had found a loophole regarding the filing requirements of the BOP causing Benham to believe this presumed loophole was going to extend the time requirement for the BOP.

13. Benham met with attorney (3nd time) on June 5, 2008. Benham asked Karafa what his secretary Jean meant about the loophole. Karafa responded by saying that he was unaware of what Benham was speaking about. Karafa also said that the BOP was not a motion. Benham asked Karafa why it was not a Motion and Karafa to date has not given Benham any meaningful responsive answer. Benham then asked Karafa what

facts Karafa had to make such legal conclusion and again Karafa had no response. Benham again asked Karafa if he could answer the questions as are contained in the BOP but Karafa could not and did not give any meaningful response. Benham asked Karafa if the BOP was going to get filed and Karafa then told Benham that Karafa would not file the BOP and denied this request as well.

14. Over 4 weeks have passed and the Court appointed attorney (Karafa) has refused to answer/respond to any of the BOP questions, refused to file the BOP and failed to provide any factual or other reason for not filing the BOP, refused to allow the filing to be submitted as an *Anders filing*, and refused to speak with Benham further about the BOP or its content.

15. At the conclusion of the June 5 meeting Benham stated to Karafa "Beings how you as an attorney who has worked in the Muskegon County Prosecutors office, I am sure you know the difference between State and Federal jurisdictions." Karafa turned his head and refused to comment any further. The BOP raises substantive jurisdictional and venue issues, goes straight to federal versus state jurisdiction, venues, and authorities/limitations. As such, the BOP and its questions/issues are fundamental and essential for this court of limited jurisdiction to obtain the requisite jurisdiction and venue to proceed in this case.

16. Karafa further admitted on June 5 that he has only handled one (1) tax case. Karafa also cut the June 5 meeting short to about 1 hour stating that he had other things he had to get to despite Benham having made a prior request for several hours to review the great amount of evidence and facts rising from this case. Benham's request for sufficient time to cover the facts and evidence in this case went nowhere as Karafa

showed no interest and/or intent of hearing the facts or the seeing the evidence regarding the BOP. Karafa claimed he wanted to get together again to finish the conversation.

17. Benham called Karafa's office four (4) times the following week asking for John and/or leaving messages but received no response whatever. Belatedly, late Friday afternoon, June 13th, Benham got to speak to Karafa and Karafa's response was that he was too busy earlier the past week and that the IRS agent Karafa was to met with was sick and unable to make their meeting.

18. Karafa also stated that he wanted to invite a former IRS agent in to meet with us to help answer some questions. Because the agent had nothing to do with Benham and Karafa's meeting, this response was again non responsive and ineffective to Benham's requests and inquiries. This request from Karafa, ie: meeting with a former IRS agent to help answer some questions, along with his many other incomplete, incorrect and improper responses are conclusive in that Karafa is clearly incompetent to handle the pending criminal issues and matters arising from this case.

19. Benham was called Friday June 20, 2008 by Karafa and from that call Benham understood as follows: Karafa admitted getting Benham's **MOTION FOR NEW COUNSEL** and stated that a Motion for Continuance would be submitted while on the phone with Benham. Karafa stated he wanted to file the Motion for a 90 day Continuance so that he could further research Benham's claims and further examine and research regarding this case. These actions by Karafa further amplifies the fact that Karafa is not familiar with, hence ineffective and/or incompetent, to handle and assist in this case because he needs to conduct further and extensive research over the

next ninety (90) days regarding the clear facts and Constitutional issues Benham has raised and demanded Karafa develop and submit on numerous occasions.

## II.
## MOTION FOR DISQUALIFICATION OF PRESENT COUNSEL, and APPOINTMENT OF NEW COUNSEL

20. Having by the foregoing facts demonstrated inability, and/or incompetence and/or unwillingness to discharge the purpose of his office, ie: effective assistance of counsel to Benham in this case, present counsel should be disqualified in all things and discharged.

21. Further, new counsel should be appointed who can demonstrate an ability, competence and willingness to deliver the substance and procedure comprising the intent and meaning of the Sixth Article of the Amendments to the Constitution for the United States of America which constitutionally guarantees the "effective assistance of counsel" for the defense of Benham in this case.

## III.   SUMMARY & CONCLUSION

22. Karafa's broken promises to Benham, demonstrated inability and incompetence and unresponsiveness and general hostile and uncooperative attitude, in sum, constitutes a hopelessly prejudicial and ineffective assistance of counsel prejudicing Benham's right to his sixth amendment guarantee of the effective assistance of counsel. The facts, errors and omissions constitute reasonable and sufficient grounds for this request that present counsel be dismissed and that competent, effective and able new counsel be appointed as a matter of law and justice. MILLER v. WEBB, No. 02-5907 (6th Cir. September 22, 2004)

23. Karafa's holding ex parte meeting(s) with US attorney Don Davis constitutes a violation of Benham's constitutionally prescribed rights to both procedural and substantive due process of law and effective assistance of counsel and is grounds for discharge of present counsel and the appointment of new and effective counsel as a matter of law and justice. US v. Barnwell, No. 04-2143 (6th Cir. February 27, 2007)

24. Karafa's unprofessional, unreasonable and inexplicable refusal/delay in bringing forward pleadings raising appropriate and essential jurisdictional, venue, and indictment defects, 10th Amendment, and other Constitutional matters and/or questions required Benham to present and instruct Karafa to file and/or bring forward appropriate pleadings defending Benham. Absent such pleadings having been timely and effectively brought forward has clearly established prejudicial and ineffective assistance of counsel and as a matter of law. Justice now requires that he be discharged and that new counsel be appointed instead in order to ensure due process and effective assistance of counsel is established for Benham and to prevent further harm and injury to Benham's defense in this case. MILLER v. WEBB, No. 02-5907 (6th Cir. September 22, 2004), Gomez-Diaz v. US, No. 04-11105 (11th Cir. December 20, 2005), United States v. Shorter, 54 F.3d 1248 (7th Cir.)

25. Karafa's remarks to Benham to invite a former IRS agent to help Karafa answer some of Benham's questions demonstrates incompetent and ineffective assistance of counsel and is grounds for the appointment of new counsel in that Karafa has admitted to not being qualified and/or competent to handle this IRS/tax matter. MILLER v. WEBB, No. 02-5907 (6th Cir. September 22, 2004)

26. Karafa's failure to timely file material and essential documents within the first 10 days as is required by the rules of this court was allegedly not known by Karafa in a timely manner and then later was known as to the time limits for filing the BOP as required has established clear incompetence and prejudicially ineffective assistance of counsel for Benham and as a matter of law and justice, new counsel is required to abate further prejudice being suffered by Benham in this ongoing criminal matter. Stewart v. Wolfenbarger, No. 04-2419 (6th Cir. November 09, 2006), OWENS v. US, No. 03-1507 (7th Cir. October 19, 2004)

## IV.    **RELIEF REQUESTED**

**WHEREFORE PREMISES CONSIDERED,** 28 USC 636 requires consent in order for a magistrate to place judgment on pleadings and Benham does not consent to a magistrate placing judgment upon this or any of his Motions and pleadings. Benham requests the Article III Court grant in all things **DEFENDANT'S SWORN MOTION FOR DISQUALIFICATION OF PRESENT COUNSEL, and APPOINTMENT OF NEW COUNSEL** and for other relief to which this court deems the Benham is due as a matter of law and/or in equity. Benham requests justice.

Respectfully submitted,

*(signature)*

Daniel Doyle Benham (under penalty of perjury)
661 N Lancaster Dr
Muskegon, Michigan

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this **DEFENDANT'S SWORN MOTION FOR DISQUALIFICATION OF PRESENT COUNSEL, and APPOINTMENT OF NEW COUNSEL** was mailed on the 30th day of June, 2008, by first class mail to the following parties:

UNITED STATES DISTRICT COURT
for the Western District of Michigan
399 Federal Bldg
110 Michigan St NW
Grand Rapids MI 49503

US Attorney Donald A. Davis
P.O Box 208
Grand Rapids, MI 49501-0208

and

McCroskey Law Firm
att: John M. Karafa
1440 Peck St
Muskegon, Michigan 49441

_____
Daniel Doyle Benham (under penalty of perjury)
661 N Lancaster Dr
Muskegon, Michigan

## VERIFICATION

STATE OF MICHIGAN )

COUNTY OF Ottawa )

BEFORE ME, the undersigned Notary Public, on this day personally appeared **Daniel D. Benham**, who, being by me duly sworn on oath deposed and said that he is the Movant and Affiant in this cause and on this Pleading; that he has read the above Pleading; and that every statement contained in this Pleading is within his personal knowledge and is true and correct.

_____
Daniel D. Benham

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of June, 2008, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Michigan   [printed name]

DENISE MOORE-HUDSON
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF OTTAWA
MY COMMISSION EXPIRES 06/17/2012
Acting in the County of Ottawa

My commission expires: June 17, 2012