FILED - GR
September 18, 2008 11:54 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __gf____/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07-cr-94 |
| Plaintiff | ) | |
| | ) | Judge: Jonker |
| | ) | |
| Daniel Benham, | ) | |
| Defendant | ) | Oral hearing NOT requested |
| | ) | |

**DEFENDANT'S ENTRY OF SPECIAL APPEARANCE; AND NOTICE OF DEFENSES RELIEVING COURT APPOINTED COUNSEL TO STAND BY COUNSEL STATUS; AND MOTION TO EXTEND DISCOVERY SO DEFENDANT CAN OBTAIN DISCOVERY THAT COURT APPOINTED COUNSEL NEGLECTED TO EFFECTIVELY ASSIST IN; AND REQUEST FOR TEMPORARY PACER USERNAME AND PASSWORD TO ENABLE BENHAM TO FILE ELCTRONICALLY TO THE COURT.**

**BY SPECIAL APPEARANCE, NOW COMES DANIEL DOYLE BENHAM** (hereinafter Benham), in propria personam, and files his entry of Special Appearance objecting to the jurisdiction of this court arising from the above styled and numbered cause of criminal action now pending before this court and files this **DEFENDANT'S ENTRY OF SPECIAL APPEARANCE; AND NOTICE OF DEFENSES RELIEVING COURT APPOINTED COUNSEL TO STAND BY COUNSEL STATUS; AND MOTION TO EXTEND DISCOVERY SO DEFENDANT CAN OBTAIN DISCOVERY THAT COURT APPOINTED COUNSEL NEGLECTED TO EFFECTIVELY ASSIST IN; AND REQUEST FOR TEMPORARY PACER USERNAME AND PASSWORD TO ENABLE BENHAM TO FILE ELCTRONICALLY TO THE COURT.**

### I. BACKGROUND

1. This motion stems from Benham's Motion to Disqualify Counsel entered 07/01/2008 (Docket # 20) to have court appoint new counsel who would demonstrate an ability, competence and willingness to deliver the substance and procedure comprising the intent and meaning of the Sixth Article of the Amendments to the Constitution for the

United States of America which constitutionally guarantees the "effective assistance of counsel" for the defense of Benham in this case.

2. The court denied Benham's Motion using only 1 authority. That authority was US v. Isles, 906 F.2d 1122, 1130-1131 (6th Circuit 1990)

3. Upon reading the court's sole authority it is clear that the authority used has little if anything to do with the claims Benham brought forward. The Isles case had to do with a client who did not like his attorney. The Isles case had no evidence of "effective assistance of counsel" as Benham's sworn testimony in his Motion did.

4. Benham does not dislike his attorney, Benham has given sworn testimony that the court appointed attorney continues to display that he will not demonstrate the ability, competence and willingness to deliver the substance and procedure comprising the intent and meaning of the Sixth Article of the Amendments to the Constitution for the United States of America which constitutionally guarantees the "effective assistance of counsel" for the defense of Benham in this case.

5. Benham has since his Motion for new counsel (Docket #20) asked his court appointed attorney, John Karafa, (Karafa) if any admissions, interrogatories, depositions, or other research has been done from the multitude of legal evidence, supreme court cases, congressional records, federal register documentation, public records, expert and other witnesses and other authorities or documentation yet Karafa has not responded nor shown that he will initiate any discovery essential in pursuing the defense of Benham and this case other than get a few copies from the prosecution that Karafa has not even researched to verify the authenticity of.

6. Karafa's actions have. and continue to deprive Benham of his constitutional guarantee of the Sixth Article of the Amendments to the Constitution for the United States of America to the "effective assistance of counsel" for the defense of Benham in this case.

7. Karafa's actions have, and continue to deprive Benham of Due process of law essential for maintaining jurisdiction and guaranteeing the rights to fair trials as also guaranteed by the Constitution. (See JOHNSON v. ZERBST, 304 U.S. 458 (1938))

8. As a result of the courts order denying new counsel coupled with Karafa's continued unwillingness to administer "effective assistance of counsel" for Benham, Benham has no choice but to put Karafa on as Stand by Counsel and attempt to compel discovery on his own.

9. As a result of Karafa's unwillingness to deliver the "effective assistance of counsel" for Benham, Benham requests the court order Karafa to release any evidence the prosecution gave to Karafa and to give Benham ample time to investigate and examine said evidence or to simply engage in discovery with the government so that Benham can properly prepare for trial and be assured to have any relevant written or recorded statements, documents and objects, disclose any and all witnesses the government intends to call at trial, and to possibly save the courts time a resources by stipulating certain facts prior to trial, and ensure that possible Brady claims are avoided prior to going to trial.

10. Karafa has given Benham 2 documents he received from the government but at the same time said the government had thousands of documents and is not sure what they will use.

11. Benham is requesting the court grant this motion so Benham can engage directly with Davis in this matter so as to ensure no sneak attacks or other surprises are entered into the court depriving either of the parties.

## II.
## MOTION TO RELIEVE COURT APPOINTED COUNSEL TO STAND BY COUNSEL

12. With the prior sworn to facts, docket #20, and the continued unwillingness of Karafa to effectively assist Benham in this case Benham hereby Notices the court of Benham relieving his court appointed attorney and Motions the court to have Karafa assigned as a Stand by Counsel in the event the need arises. Benham does not waive his right to counsel. Benham just simply can not engage in this criminal case with the clearly biased, prejudicial, ineffective counsel that has done nothing to aide Benham in this matter.

## III.
## MOTION TO EXTEND DISCOVERY SO DEFENDANT CAN OBTAIN DISCOVERY THAT COURT APPOINTED COUNSEL NEGLECTED TO EFFECTIVELY ASSIST IN

13. Because Benham at first believed the court would appoint him the "assistance of effective Counsel" as guaranteed by the Constitution, but now has clear facts otherwise, and has the only sworn testimony on the court record reflecting the same, Benham hereby requests the court grant an extension for discovery so Benham can engage in discovery that Karafa has also clearly neglected to assist Benham with.

## IV.     REQUEST FOR TEMPORARY PACER USERNAME AND PASSWORD TO ENABLE BENHAM TO FILE ELCTRONICALLY TO THE COURT

14. Because of the hereinabove Benham further requests a temporary Pacer username and password so Benham can file his documentation electronically and save all the parties time and valuable resources.

## VI. RELIEF REQUESTED

15. For the reasons hereinabove given it is respectfully submitted that there is a genuine defect and clear error in not granting this Motion for the defense in this case. Essential Constitutional guarantees and due process demand justice be served and knowing Benham is not receiving the guaranteed "effective assistance of Counsel strips this court of limited jurisdiction of any presumed jurisdiction, and therefore, it is respectfully submitted that this Motion be granted as a matter of law and justice demand.

Daniel Doyle Benham
661 N Lancaster Dr
Muskegon, Michigan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this DEFENDANT'S ENTRY OF SPECIAL APPEARANCE; AND NOTICE OF DEFENSES RELIEVING COURT APPOINTED COUNSEL TO STAND BY COUNSEL STATUS; AND MOTION TO EXTEND DISCOVERY SO DEFENDANT CAN OBTAIN DISCOVERY THAT COURT APPOINTED COUNSEL NEGLECTED TO EFFECTIVELY ASSIST IN; AND REQUEST FOR TEMPORARY PACER USERNAME AND PASSWORD TO ENABLE BENHAM TO FILE ELCTRONICALLY TO THE COURT was mailed on the _17th_ day of September, 2008, by first class mail to the following parties:

UNITED STATES DISTRICT COURT
for the Western District of Michigan
399 Federal Bldg, 110 Michigan St NW
Grand Rapids MI 49503

US Attorney Donald A. Davis
P.O Box 208
Grand Rapids, MI 49501-0208

John M Karafa
1440 Peck Street
Muskegon MI 49441