UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                No.  1:07-CR-94

v.                                                  Hon.  Robert Jonker

DANIEL DOYLE BENHAM,

       Defendant.
_____/

## GOVERNMENT'S MOTION IN LIMINE

Now comes the United States of America, by and through Charles R. Gross, United States Attorney for the Western District of Michigan and Donald A. Davis, Assistant United States Attorney, and hereby moves, in limine, pursuant to Rule 103(c) of the Federal Rules of Evidence, that this Court hold the possible defense evidence, described below, to be inadmissible in the trial of the instant case.  The United States further moves this Court to instruct the attorney for the Defendant and Defendant and all witnesses called by Defendant, that use of such evidence, whether through pleadings or other documentary evidence, testimony, remarks, questions or arguments, either directly or indirectly, is prohibited.  The possible evidence subject to this motion is as follows:

      A.  Any evidence which seeks to establish that the income tax laws of the United States are unconstitutional or unlawful, or that Defendant believed, even in good faith, that those laws are unconstitutional or unlawful.  Specifically included within this request is any evidence challenging the process for ratification of the Sixteenth Amendment of the United States Constitution; evidence alleging the unconstitutionality or lawfulness of Title 26, Sections 7201

and 7203; and any challenge to the validity of the regulations, promulgated by the Internal Revenue Service, applicable to the above-cited statutory provisions.

  B.  Any evidence challenging the validity of the United States monetary system or the Federal Reserve Notes as legal tender or a unit measure of value.

  C.  Any evidence that wages, profits, interest or other gain do not constitute income, subject to taxation, within the meaning of revenue laws of the United States including the Internal Revenue Code.

  D.  Any testimonial evidence, (except through Defendant), or physical evidence regarding any of Defendant's claimed good faith belief the Defendant's gains were not income or subject to taxation or that Defendant was not required to file federal income tax returns or that Defendant was not subject to the income tax laws.

  E.  Any evidence which attempts to suggest that the Fifth Amendment prohibition against compelled self-incrimination is a defense to the failure to file a tax return.

  F.  Any documentary evidence including, but not limited to, statutes, codes, judicial decisions, legal opinions, writing, tapes or "tax protestor" materials, upon which Defendant purportedly relied in determining that gains were not subject to the income tax laws.

  G.  Any evidence regarding the civil procedures available to the Internal Revenue Service to collect taxes due and owing the United States from Defendant.

  H.  Any evidence that seeks to establish or suggest that Defendant was not a "person subject to the taxes imposed by ... Title 26, U.S.C." in that Defendant was (or was not) a resident of the District of Columbia, a non-resident alien, a foreign corporation, an agent of a foreign corporation having income from sources within the United States, or a citizen of a particular state, country, territory or a resident alien having income from abroad or from a United States

possession, or an employee of a state or federal government, or engaged in any particular occupation, or a vessel in admiralty, a "franchise," a subject of a British Commonwealth, the British Isles, the United Kingdom or the Holy See, a "14th Amendment Citizen," or any particular type of person, "natural" or otherwise.

      I.  Any evidence that seeks to establish or suggest that this Court is without jurisdiction.

      J.  Any evidence provided by "tax experts" regarding opinions concerning the status, impact, effect and significance of tax law and related subjects.

      K.  Any evidence challenging this investigation and prosecution based on the Paperwork Reduction Act of 1990.

      L.  Any evidence that seeks to establish that the process by which the Defendant is before the Court is historically flawed or otherwise flawed or not to Defendant's liking, standards, demands, or imagination.

CONCLUSION

Accordingly, and for the reasons set forth more fully in the accompanying memorandum of Law in Support, the United States respectfully requests this Court to enter an order granting the instant Motion in Limine.

Respectfully submitted,

CHARLES R. GROSS
United States Attorney


Dated: September 22,2008

\_\_\_/s/ Donald A. Davis_____
DONALD A. DAVIS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404