UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                              No.   1:07-CR-94

v.                                          Hon.  Robert Jonker

DANIEL DOYLE BENHAM,

           Defendant.

_____/

## MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE

The Government anticipates that during the trial of this case, Defendant may attempt to introduce evidence, both testimonial and documentary, which will be objected to by the Government and found to be inadmissible by the Court. In submissions and filings related to this matter, the Defendant has evidenced positions that are the same or similar to the subject of this motion or which are of similar tone or tenor. In order to facilitate compliance with Rule 103(c) of the Federal Rules of Evidence, the Government moves, in limine, that such evidence be now deemed inadmissible by this Court and that the attorney for the Defendant and the Defendant be instructed not to attempt to introduce such inadmissible evidence in the presence of the jury.

Rule 103(c), Federal Rules of Evidence, provides:

           In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

The Supreme Court Advisory Committee Notes indicate that this Rule is premised upon the supposition that rulings excluding evidence in jury trials may become pointless procedures if the

excluded evidence is nevertheless permitted to come to the attention of the jury.  Accord <u>Bruton v. United States</u>, 389 U.S. 818 (1968).

Thus, the Government requests this Court to grant the instant motion, a procedure consistent with the intent of Rule 103(c) to limit the possibility of jury prejudice and confusion through its exposure to inadmissible evidence.  The basis for the Government's objections thereto are set forth below.

     A.     EVIDENCE REGARDING THE CONSTITUTIONALITY OR LAWFULNESS OF THE INCOME TAX LAWS OF THE UNITED STATES.

Defendant may attempt to defend against the charges for which he was indicted by two separate, but not clearly distinct, theories.  First, the Defendant may attempt to directly challenge the constitutionality or lawfulness of the income tax laws of the United States.  Alternatively, the Defendant may assert that he believed in good faith, that the income tax laws of the United States are unconstitutional or unlawful.  Evidence under either theory is clearly inadmissible.

The Sixteenth Amendment to the United States Constitution authorizes Congress to "collect taxes on income from whatever source derived, without apportionment among the several states . . . ."  The ratification procedure used to adopt the Sixteenth Amendment was upheld in <u>Keough v. Neely</u>, 50 F.2d 685, 686 (7th Cir. 1931), <u>cert. denied</u>, 286 U.S. 534 (1932).  Cf. <u>United States v. Sprague</u>, 282 U.S. 716 (1931) (ratification of constitutional amendment by state legislatures upheld).

     We hardly need comment on the patent absurdity and frivolity of such a proposition.  For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.  <u>See</u>, <u>e.g.</u>, <u>Brushaber v. Union Pacific Railroad Co.</u>,

240 U.S. 1, 12-19, 36 S. Ct. 236, 239-42, 60 L. Ed. 493 (1916); Ward, 833 F.2d at 1539; Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984); Parker v. commissioner, 724 F.2d 469, 471 (5th Cir. 1984); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). Indeed, in Lovell, one of the more recent cases explicitly rejecting a Sixteenth Amendment argument virtually identical to Becraft's[1] position in this case, the court sanctioned the pro se appellants for raising this and other federal tax exemption claims on appeal.

In Re Lowell H. Becraft, Jr., United States v Nelson, 885 F.2d 547 (9th Cir. 1989).

Similarly, the power of Congress to enact income tax statutes requiring the filing of tax returns, the reporting of taxable income and punishing criminally, the failure to comply with those laws, pursuant to the Sixteenth Amendment, has been consistently upheld. See, e.g., Wheeler v. United States, 744 F.2d 292 (2nd Cir. 1984); United States v. Acker, 415 F.2d 328, 330 (6th Cir. 1969), cert. denied, 396 U.S. 1003 (1970). The statutes under consideration in the instant case, 26 U.S.C. § 7201 and 26 U.S.C. § 7203, have survived constitutional challenge. See United States v. Chikata, 427 F.2d 385, 387-88 (9th Cir. 1970); United States v. Kraeger, 711 F.2d 6 (2nd Cir. 1983).

To permit Defendant to present evidence before the jury challenging the constitutionality or lawfulness of the Internal Revenue Code would usurp the traditional function of the Court to instruct the jury on the law. As was noted in United States v. Ingredient Technology Corp., 698 F.2d 88, 97 (2nd Cir. 1983), cert. denied, 462 U.S. 1131:

> . . . it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for [the jury] to decide. Indeed, . . . if the tax law is uncertain, the indictment should be dismissed. Questions of law are for the court.

---

[1] The Court sanctioned Attorney Becraft $2,500 and noted his "litigation record" in other circuits raising "this patently frivolous Sixteenth Amendment claim" to "send a message to Becraft that frivolous arguments will no longer be tolerated." 885 F.2d at 549.

3

Accord United States v. Gleason, 726 F.2d 385, 388 (8th Cir. 1984); United States v. Kreager, 711 F.2d 6, 8 (2nd Cir. 1983).  Accordingly, such evidence should be excluded.

The Defendant may attempt to introduce at trial evidence which purportedly led him to a belief that the income tax laws are unconstitutional or unlawful.  Such evidence would then be used to argue that regardless of the correctness of Defendant's beliefs, Defendant's conduct was not willful.  Defendant's beliefs in the unconstitutionality or unlawfulness of the Internal Revenue Code, no matter how sincerely held, is not a defense to the instant charges and, therefore, evidence to that effect is inadmissible.  United States v. Grumka, 728 F.2d 794, 797 (6th Cir. 1984); United States v. Kraeger, supra, 711 F.2d at 7.  The reason for the exclusion of such evidence was stated in United States v. Burton, 737 F.2d 439, 442 (5th Cir. 1984);

> Those who refuse to pay taxes as a protest against Governmental policies are not asserting any misapprehension of the duty imposed by the statute; their violation of the statutory command is thus willful, and they must suffer the penalties attending their act of civil disobedience.  Those who believe, even in good faith, that the income tax law is unconstitutional are similarly willful violators of the tax law if they understand the obligations the statute purports to impose upon them.  One who believes the statute to be unconstitutional is entitled to challenge it in court, but disobeys it only at the risk of criminal penalties should the constitutionality of the statue be upheld.  The defendant's good faith belief that the  statute is unconstitutional does not negate the willfulness of his defiance of the statute, and such a defendant is not entitled to a jury instruction that his belief in the statute's unconstitutionality shields him from liability for willful violation of the statute.  (Citations and footnotes omitted).

A defendant's claimed good faith belief in the unconstitutionality or unlawfulness of the income tax laws of the United States is irrelevant to any issue to be determined in the trial of this case.  Accordingly, such evidence is not admissible and should be excluded pursuant to Rules 401 and 103(c), Federal Rules of Evidence.

4

B.    EVIDENCE CHALLENGING THE VALIDITY OF FEDERAL RESERVE NOTES AS LEGAL TENDER OR THE MONETARY SYSTEM OF THE UNITED STATES.

The Defendant may claim that no tax liability was incurred during the years in which attempted tax evasion is charged because Defendant received no "legal dollars," that is, currency coined or backed by gold or silver.  The argument that Federal Reserve Notes do not constitute legal tender has been repeatedly rejected as a defense to prosecutions under the Internal Revenue Code.  See e.g., United States v. Wangrud, 533 F.2d 495 (9th Cir. 1976), wherein the Court rebuffed this argument as patently frivolous:

> We publish this opinion solely to make it clear that this argument has absolutely no merit.

Thus, evidence in conflict with the law on this issue should be excluded as an improper attempt to usurp the duty of the trial court to instruct the jury on the law.  See United States v. Gleason, supra, 726 F.2d at 388; United States v. Kraeger, supra, 711 F.2d at 8; United States v. Ingredient Technology Corp., supra, 698 F.2d at 97.

Additionally, evidence offered to establish the invalidity of the federal monetary system has been excluded on grounds of relevancy.  See United States v. Weir, 679 F.2d 769, 770 (8th Cir. 1982).  As the Court stated in United States v. Whitesell, 543 F.2d 1176, 1181 (6th Cir. 1976), "[b]oth the Sixteenth Amendment and the Internal Revenue Code deal not with 'legal tender' but with taxation of 'income'".  Accordingly, evidence challenging the legal nature of Federal Reserve Notes should be excluded as irrelevant. Rule 401, Federal Rules of Evidence.

### C.    EVIDENCE ALLEGING THAT WAGES OR OTHER GAINS ARE NOT INCOME.

Wages are clearly subject to taxation under the Internal Revenue Code.  See, e.g. United States v. Koblinski, 732 F.2d 1328, 1329 n.1 (7th Cir. 1984); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1982); United States v. Buras, 633 F.2d 1356, 1360 (9th Cir. 1980).  In disposing of a claim that wages are not income, the Seventh Circuit in United States v. Sloan, 939 F.2d 499, 502 (7th Cir. 1991) the Court noted:

> Like moths to a flame, some people find themselves irresistibly drawn to other tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax.  And, like the moths, these people sometimes get burned.
>
> * * *
>
> The real tragedy of this case is the unconscionable waste of Mr. Sloan's time, resources, and emotion in continuing to pursue these wholly defective and unsuccessful arguments about the validity of the income tax laws of the United States.

Nevertheless, the Defendant may attempt to introduce evidence to establish that wages or other gains do not constitute income within the meaning of the Internal Revenue Code.  Evidence in support of such a frivolous claim should be excluded on grounds of relevancy and inconsistency with the law.  United States v. Burton, supra, 737 F.2d at 443; United States v. Kraeger, supra, 711 F.2d at 7-8; United States v. Ingredient Technology Corp., supra, 698 F.2d at 97.

### D.    THIRD-PARTY TESTIMONY REGARDING DEFENDANT'S STATE OF MIND.

Third-party testimony of Defendant's statements regarding his purported beliefs concerning the Federal income tax laws is hearsay, not within any of the exceptions to the hearsay rule, and therefore is inadmissible and should be excluded.  Such testimony would be

offered to prove the truth of the matter asserted, that is, that the Defendant actually believed the theories discussed with witnesses and therefore, acted in good faith when violating tax laws. Accordingly, such testimony falls clearly within the definition of hearsay under Rule 801 of the Federal Rules of Evidence.  Under Rule 801(d)(2), a statement by a party is not hearsay <u>only</u> when it is being offered <u>against</u> the party, and not, as anticipated here, when offered on a declarant's behalf.

The only exception to the hearsay rule which could possibly permit a defendant to offer his own out-of-court statements at trial would be Rule 803(3), dealing with a "declarant's then existing state of mind, emotion, sensation, or physical condition."  That rule, however, expressly excludes the admission of any "statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." Thus, the Federal Rules of Evidence expressly provide that a person's belief may not be proved by previous out-of-court statements.  See, generally, <u>United States v. Cohen</u>, 631 F.2d 1223 (5th Cir. 1980), <u>reh'g. denied</u>, 636 F.2d 315 (1981).

Permitting defense witnesses to testify as to Defendant's beliefs would violate not only the clear terms of Rule 803(3), but also the principles underlying the hearsay rule by enabling Defendant to present his purported beliefs to the jury without having them subjected to cross-examination.  Furthermore, even a defendant is not permitted to testify as to his or her own prior out-of-court statements which are <u>consistent</u> with their trial testimony except to rebut a charge of recent fabrication.  <u>United States v. Marin</u>, 669 F.2d 73, 84 (2nd Cir. 1982); Rule 801(d)(1)(D), Federal Rules of Evidence.

E.     ANY EVIDENCE WHICH ATTEMPTS TO SUGGEST THAT THE FIFTH
       AMENDMENT PROHIBITION AGAINST COMPELLED SELF-
       INCRIMINATION IN A DEFENSE TO THE FAILURE TO FILE A TAX
       RETURN.

The Fifth Amendment does not justify the refusal to file a return.  United States v. Heise,

709 F.2d 449, 450 (6th Cir. 1983).  The Heise Court noted the Supreme Court's holding in

United States v. Sullivan, 274 U.S. 259 (1927), and held "the privilege does not justify an

outright refusal to file an income tax return."  Id.

The holding of the Court of Appeals for the Sixth Circuit was compelled by the rulings of

the Supreme Court.  In United States v. Byers, 402 U.S. 424 (1971) the Court observed that

income tax returns are a burden that society imposes on citizens and "there is some possibility of

prosecution-often a very real one-for criminal offenses disclosed by or deriving from the

information that the law compels a person to supply....  But under our holdings the mere

possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure...."

Id. At 428.

The Byers Court relied on the decision in United States v. Sullivan, 274 U.S. 259 (1927).

In United States v. Sullivan, 274 U.S. 259 91927), a bootlegger claimed the privilege against

self-incrimination because filing a return would have tended to incriminate him by revealing the

unlawful source of his income.  The Sullivan Court called this "an extreme if not extravagant

application of the Fifth Amendment."  Id.

In United States v. Dack, 987 F.2d 1282, 1284 (7th Cir. 1993), the Court of Appeals

approved the following jury instruction as a correct statement of law:  "The Fifth Amendment

privilege against compulsory self-incrimination cannot be asserted to justify a failure to file a tax

return." In United States v. Evanko, 604 F.2d 21, 23 (6th Cir. 1979), the Court interpreted United States v. Garner, 424 U.S. 648 (1975), as expressly holding "that a person invoking the privilege against compulsory self-incrimination in lieu of supplying the required information on his tax return may be prosecuted ... for willful failure to file a return."

F.    DOCUMENTARY EVIDENCE PURPORTEDLY RELIED UPON BY DEFENDANTS IN DETERMINING THAT THEY WERE NOT REQUIRED TO FILE FEDERAL TAX RETURNS.

The Defendant may attempt to introduce into evidence legal decisions, letters written by him that report the contents of such decisions, tax protester books or other documents. Although, in the event that the Defendant testifies, he is entitled to claim reliance upon such documents to explain the reasons for his purported beliefs regarding the Internal Revenue laws and to establish that research into these matters was conducted, he need not introduce the actual statutes, codes, opinions, books, or other documents into evidence. Such materials usurp the function of the trial court to provide the law to the jury and may unduly confuse the jury on what the law requires.

In upholding the exclusion of such evidence, the Court in United States v. Kraeger, supra, 711 F.2d at 7-8, held:

> The trial court did not abuse its discretion in excluding documentary evidence, including Federal court decisions, which appellant claims to have read in forming his opinions regarding the tax laws. Evidence such as this is likely to confuse a jury on the distinction between questions of law, which are for the court to decide and questions of fact, which are for the jury.

Accord, United States v. Nash, 175 F.3d 429, 434-435 (6th Cir. 1999); United States v. Burton, supra, 737 F.2d at 443; United States v. Gleason, supra, 726 F.2d at 388-89; United States v. Ingredient Technology Corp., supra, 698 F.2d at 97; United States v. Bernhardt, 642 F.2d 251, 253 (8th Cir. 1981). Defendant should similarly be precluded from offering such evidence in the

instant case.  However, the Court may permit the Defendant, in appropriate circumstances, to read relevant excerpts to the jury if the Defendant establishes a nexus between such excerpts and a particular stated belief offered as a defense to the element of willfulness.  United States v. Gaumer, 972 F.2d 723, 725 (6th Cir. 1992), cert. denied, 513 U.S. 954, 115 S. Ct. 373 (1994).

      G.  EVIDENCE REGARDING CIVIL PROCEDURES FOR COLLECTING TAXES.

The Defendant, in an attempt to persuade the jury to dispense mercy, may argue that the Internal Revenue Service has alternative civil procedures available to determine and collect any unpaid taxes, thus rendering a criminal prosecution and conviction unnecessary to ensure compliance with the tax laws of the United States.  By this argument, the jury is improperly encouraged to ignore its lawful duty to consider Defendant's acts and omissions in accordance only with the law provided by the Court and the facts adduced at trial.  Such a request is wholly improper.  Cf. Sansone v. United States, 380 U.S. 343, 350 n.6 (1964) (determinations of the punishment to be imposed is a duty Congress has traditionally left to the judge).

The fact that the Internal Revenue Service does have collection procedures available which may be used in obtaining unpaid taxes is clearly irrelevant to whether Defendant has committed the offenses charged.  Moreover, to permit the Defendant to present evidence of the civil procedures would be an open invitation to jury nullification, a practice which has been repeatedly eschewed in tax prosecutions.  See e.g. United States v. Wiley, 503 F.2d 106, 107 (8th Cir. 1974).  As the Eighth Circuit Court of Appeals noted:

> Since the Supreme Court's decision in Sparf and Hanson v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895), federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed.

United States v. Drefke, 707 F.2d 978, 982 (8th Cir. 1983).  Charging decisions fall within the ambit of prosecutorial discretion, and the Court should exclude any evidence regarding civil ramifications of Defendant's criminal conduct.

    H.  DEFENDANT'S STATUS.

    Defendant may claim that no "place" under federal jurisdiction was charged in the indictment.  The United States presumes that means the special maritime and territorial jurisdiction of the United States referring to 18 U.S.C. § 7 which establishes the special maritime and territorial jurisdiction of the United States, that is those areas that the United States may enforce general criminal laws, relying either on specific federal criminal statutes or incorporating the law of the appropriate state (18 U.S.C. § 13).  Aside from a limited amount of federal enclave laws, most federal criminal statutes prohibit and provide punishment for certain defined conduct in which the United States has an interest without regard to where in the United States the offense occurs, e.g., bank robbery, narcotics, counterfeiting, theft of mail and tax.  A citizen of the State of Michigan is subject to federal income tax laws just as is a citizen of the State of Texas, see, United States v. Price, 798 F.2d 111 (5th Cir. 1986) in which a defendant made a similar argument concerning Texans.  See also, United States v. Mundt, 29 F.3d 233 (6th Cir. 1994).  Whether the Defendant is subject to the special geographical jurisdiction of § 7 of Title 18 or not is of no materiality to this case as it is not an element of this offense.  Section 7 of Title 18 only serves to create federal jurisdiction over traditional state crimes when they take place in the areas designated by that statute.  For example, under Section 7 of Title 18 and in conjunction with 18 U.S.C. § 13 the offense of driving while intoxicated within a national park would be subject to this special federal criminal jurisdiction, United States v. Woods, 450 F. Supp. 1335

(D. Md. 1978), and a federal district court would have jurisdiction over an assault with a deadly weapon which occurred inside a federal prison, United States v. Blunt, 558 F.2d 1245 (6th Cir. 1977).

Defendant is not charged with having violated a state law. Instead their income tax fraud and omissions violated the laws of the United States, 26 U.S.C. § 7201 and 18 U.S.C. § 371 and thus, federal criminal jurisdiction attached regardless of whether the act took place in a national park, a federal courthouse, or on private property in Western Michigan.

The word "resident" in the indictment is not used to establish jurisdiction. Instead it denotes venue in that a "resident" of the Western District of Michigan is required to file an income tax return in different places than a "resident" of other states and other federal judicial districts.

Section 7203 of Title 26 requires "any person" to file an income tax return. A "person required" to file a return and to pay an income tax is set forth in 26 U.S.C. § 6012 explicitly defines a person required to file a return as "every individual having, for the taxable year, gross income which equals or exceeds the exemption amount . . ." Finally, the Code of Federal Regulations interprets Section 1 of Title 26 as imposing "an income tax on the income of every individual who is a citizen or resident of the United States . . ." 26 C.F.R. § 1.1-1(a). A citizen is defined as a "person born or naturalized in the United States and subject to its jurisdiction . . ." 26 C.F.R. § 1.1-1(c).

In addition to the statutory and regulatory language, courts have recognized that all residents of the United States are required to pay taxes on the income they earn. Choteau v. Burnet, Commissioner of Internal Revenue, 283 U.S. 691, 694 (1930) and Commissioner of

12

Internal Revenue v. Patino, 186 F.2d 962, 964-965 (4th Cir. 1950). The record is clear that the Defendant falls within the scope of the Internal Revenue Code. Defendant was born in the United States, worked and lived in the United States, and derived income which equaled or exceeded the exemption amount from sources within the United States during the tax years in question.

In United States v. Studley, 783 F.2d 934 (9th Cir. 1986), a defendant claimed that she was not required to pay taxes because she was an absolute, freeborn and natural individual. The court in Studley held that "This argument is frivolous. An individual is a `person' under the Internal Revenue Code and thus subject to 26 U.S.C. § 7203." Id.., at 937. The court in Studley also noted that "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." Id., at 937, n.3. See Lovell v. United States, 755 F.2d 517 (7th Cir. 1984) for similar arguments and results.

In United States v Price, 798 F.2d 111 (5th Cir. 1986), a resident of Texas claimed he was beyond the reach of the Internal Revenue Code. The defendant claimed that because the State of Texas was so unique its residents were not subject to federal income taxes. The Court in Price held that Texas citizens as well as citizens of other states are subject to federal income taxes. The Court stated that "Texas is a state like the other forty-nine, under the same national constitution and laws." Id., at 113. So is Michigan.

'Person' also includes 'natural person'. In United States v Rice, 659 F.2d 524, 528 (5th Cir. 1981) the court referred to a similar contention to the contrary as "a nigh frivolous non-sequitur" and held, "Even more obviously, however, the statutory provision was not intended to exclude individuals or limit the meaning of the term "person" so as to excluded individuals or

13

"natural persons", . . . from their responsibilities to comply with the tax laws."   See also, United

States v Latham, 754 F.2d 747, 750 (7th Cir. 1985) at footnote 2.

    The Internal Revenue Code applies to every United States citizen as well as resident

aliens who derive income from whatever source within the United States.  For the reason, the

Defendant is United States citizen, and is a "person" as defined by the Code required to file

accurate federal income tax returns.  The Sixth Circuit, in Unites States v. Mundt, 29 F.3d 233

(6th Cir. 1994) at 337 stated:

> . . . [D]efendant argues that the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any "federal zone" and is therefore not subject to federal income tax laws.  This argument is completely without merit and patently frivolous.
>
> To put the argument to rest, we quote the following from a Tenth Circuit opinion in which the court was responding to an identical tax-protester argument.
>
> [Defendant]'s motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories.  [Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States."  [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed.  See United States v. Worral, 2 U.S. (2 Dall.) 384, 393, 1 L. Ed. 426 (1798) (Chase, J.).  Article I, Section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within the authority.  Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion has been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation.  In the face of the uniform authority, it defies credulity to argue that the district court laced

14

> jurisdiction to adjudicate the government's case against the
> defendant.
>
> . . .
>
> For seventy-five years, the Supreme Court has recognized that the
> sixteenth amendment authorizes a direct nonapportioned tax upon
> United States citizens through the nation, not just in federal
> enclaves, see, Brushaber v. Union Pac. R.R., 240 US. 1, 12-19, 36
> S. Ct. 236, 239-42, 60 L. Ed. 493 (1916);  efforts to argue
> otherwise have been sanctioned as frivolous . . . United States v.
> Collins, 920 F.2d. 619, 629 (10th Cir. 1990)(citations omitted),
> cert. denied, 500 U.S. 920, 111 S. Ct. 2022, 114 L. Ed. 2d 108
> (1991).

Defendant may claim that he is not a "person" subject to the Internal Revenue Code.  The

Government proceeded against the Defendant as a resident of the United States subject to the

Internal Revenue Code.  The evidence will establish that the Defendant lived, worked and

derived income from sources within the United States during the years in question.  Defendant

was and is a person subject to the income tax laws of the United States.

I.  COURT'S JURISDICTION.

Pursuant to Title 18, U.S.C. § 3231, the district courts have jurisdiction of all offenses

against the laws of the United States including offenses, identical to this Defendant, who has

violated Title 26.  In United States v Spurgeon, 671 F.2d 1198 (8th Cir. 1982), the defendant was

convicted of violating Title 26 U.S.C. § 7203 for failure to file his income tax returns.  He

appealed his conviction based on a lack of jurisdiction in the district court.  The Court of Appeals

affirmed the conviction holding that even though federal courts have limited jurisdiction, Title 18

U.S.C. § 3231 provides that district courts have original jurisdiction. . . of all offenses against the

laws of the United States, including the crime of which the defendant was convicted.  Id. at 1199.

In numerous other cases involving the failure to file tax returns, e.g., United States v Mundt,

supra, 29 F.3d 233 (6th Cir. 1994), defendants have attempted to claim that the district courts have no jurisdiction over Title 26 offenses.  In each case, the courts consistently held that, "the district court . . . clearly had jurisdiction under 18 U.S.C. § 3231 to try the appellants for the offenses of failure to file income tax returns. . ."  United States v Drefke, 707 F.2d 978, 981 (8th Cir.), cert. denied, 464 U.S. 942, 104 S.Ct. 359 (1983); United States v Eilertson, 707 F.2d 108, 109 (4th Cir. 1983).  The Ninth Circuit held that, "under the unambiguous language of Section 3231, the district court clearly had jurisdiction over Title 26 offenses."  United States v Przybyla, 737 F.2d 828, 829 (9th Cir. 1984), cert. denied, 471 U.S. 1099, 105 S.Ct. 2320 (1985).  The Tenth Circuit joined the Przybyla decision by stating that the "Federal district courts have original exclusive jurisdiction over all offenses against the laws of the United States . . . including criminal matters arising under Title 26."  United States v Tedder, 787 F.2d 540, 542 (10th Cir. 1986).  This same holding can be found in almost all the circuits.  In United States v Isenhower, 754 F.2d 489, 490 (3rd Cir. 1985), the Third Circuit held that "jurisdiction over tax matters has been explicitly given to the district courts by Congress, which provided that the district courts of the United States shall have jurisdiction over all offenses against the laws of the United States.  18 U.S.C. § 3231."  The Seventh Circuit has also held that Title 18 U.S.C. § 3231 gives the district courts original jurisdiction over all offenses against the laws of the United States.  The court determined that Sections 7201 through 7210 of Title 26 were enacted by Congress pursuant to the power given to it by Article 1, Section 8 of the Untied States Constitution and the Sixteenth Amendment.  United States v Koliboski, 732 F.2d 1328, 1329 (7th Cir. 1984).  According to the Koliboski Court, "Title 26 thus defines laws of the United States, suits for violations of which clearly fall within federal district court jurisdiction under

16

Section 3231." Id. at 1330.  The fact that district courts do have jurisdiction over Title 26 offenses has become so apparent through recent case law that the Seventh Circuit quickly disposed of a defendant's lack of jurisdiction claim by stating that, "courts too numerous to enumerate have rejected this silly claim, and we now specifically reject it." Id. at 1329.

 J. "TAX EXPERTS"

 Normally, a judge's knowledge of the law is presumed to be sufficient.  United States v Curtis, 782 F.2d 593, 599 (6th Cir. 1986).  The Sixth Circuit also noted that an expert is "supposed to interpret and analyze factual evidence.  They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations." Id.  The Curtis Court was concerned about a jury hearing opposing opinions of law offered by different experts.  In short, the Court does not need a defense expert to explain the law to it.

 The Sixth Circuit reaffirmed its holding that testimony consisting of legal opinions on the applicable principal of law in a case is inadmissible.  United States v Zipkin, 729 F.2d 384, 387 (6th Cir. 1989).

 Furthermore, any expert's opinion is unhelpful to the jury because it does not explain a defendant's understanding of the law which may be the basis of any defense of reliance or of good faith belief.  United States v Barnett, 945 F.2d 1296 (5th Cir. 1991) (exclusion of documents appropriate when "defendant is allowed to testify as to their contents and effect in forming his belief").

The Fifth Circuit excluded the testimony of an alleged expert in <u>United States v Daly</u>, 756 F.2d 1076 (5th Cir.), <u>cert. denied</u>, 474 U.S. 1022 (1985).[2] The <u>Daly</u> Court noted that willfulness is determined by the defendant's state of mind at the time he acted. The relevance of an expert's testimony on possible meaning of the Internal Revenue Code is easily outweighed by considerations of prejudice and confusion. The Court also noted that a judge should be the sole voice of information regarding the law. The Second Circuit noted that "it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide." <u>United States v Ingredient Technology Corp.</u>, 698 F.2d 88, 97 (2d Cir. 1982).

This Court answers questions of law, the jury answers questions of fact. The jury is bound by its oath to follow the law as stated, as explained and defined by this Court. The opinion of any such "legal expert" does not make any question of fact more or less probable and thus is not relevant Federal Rules of Evidence 401. Evidence which is not relevant is not admissible. Federal Rules of Evidence 402. Thus, Defendant and his attorney, if any, should be instructed that the use of any such evidence is prohibited.

K.     PAPERWORK REDUCTION ACT

Defendant may claim that the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. 3501 <u>et seq.</u> prohibits penalizing any person for failing to provide or maintain information for the Internal Revenue Service if the form 1040 <u>and</u> the instructions and regulations related to it do not have a current control number assigned by the Director of OMB.

---

[2]     The <u>Daly</u> Court noted that <u>United States v Garber</u>, 607 F.2d 92 (5th Cir. 1979), had been limited "to its bizarre facts–where the level of uncertainty approached legal vagueness." <u>Id.</u> at 1083.

18

The first courts to confront the issue of whether the PRA prohibits penalizing individuals for failure to file IRS tax forms concluded that the PRA did not apply to the process of assessment and collection of taxes.  See, e.g., Cameron v Internal Revenue Service, 593 F.Supp. 1540, 1556 (N.D. Ind. 1984), aff'd, 773 F.2d 126 (7th Cir. 1985); Snyder v Internal Revenue Service, 596 F.Supp. 240, 250 (N.D. Ind. 1984).

United States v Crocker, 753 F.Supp. 1209, 1215 (D.Del. 1991).  That position, however, was significantly eroded by dicta in Dole v United Steelworkers of America, 494 U.S. 26, 110 S.Ct. 929, 933, 108 L.Ed. 2d. 23 (1990) which gave some authority for a contrary view.  In Dole, the Court addressed the issue of whether the OMB had authority under the PRA to review and countermand agency regulations mandating disclosure by regulated entities directly to third parties.  In discussing the requirements of the PRA, the Court stated:

Typical information collection requests [under the PRA] include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports and tax or business records.

Although dicta, insofar as it was relevant in Dole, this statement formed the basis for the Tenth Circuit's decision in Collins. [United States v Collins, 920 F.2d 619 (10th Cir. 1990)].

The Tenth Circuit did not directly hold that the PRA applies to the 1040 tax return forms used by the IRS, and that a failure to include OMB control numbers on the forms would nullify any attempt to prosecute delinquent taxpayers for evasion.  Rather, the issue arose in a more complicated fashion.  In Collins, the district court had revoked its earlier decision to allow defendant's attorney to appear pro hac vice.

Citing numerous arguments advanced by the attorney (including a PRA argument) as frivolous, the permission to appear was revoked.  On appeal, the Tenth Circuit undertook to determine whether the attorney's arguments were indeed frivolous, thereby justifying the district court's revocation of the attorney's permission to appear.

The Tenth Circuit effectively took Dole as a change in the law.  Previously, the court had held in United States v Tedder, 787 F.2d 540, 542 (10th Cir. 1986), that

19

tax forms did not fall under the requirements of the PRA.  In <u>Collins</u>, the court indicated in a footnote its opinion that the holding in <u>Tedder</u> was "superseded" by the Supreme Court's decision in <u>Dole</u>.  920 F.2d at 630 n. 12.

This did not alter the ultimate outcome in <u>Collins</u>.  In that case, the attorney's argument was that the PRA had been violated because the 1040 tax forms at issue did not contain expiration dates in addition to the OMB control number.  The court found that such expiration dates were not required under the plain language of the PRA, and that in any event, the tax forms did indicate their date of expiration.  The argument, the court concluded, was indeed frivolous, "utterly lacking in any arguable basis in law or fact."  920 F.2d. at 633.

<u>United States v Karlin</u>, 762 F.Supp. 911, 912 (D. Kan. 1991).  Defendant may claim that the

issue thus is whether the PRA requires such numbers on regulations and instructions.

The Sixth Circuit in <u>United States v Wunder</u>, 919 F.2d 34 (6th Cir. 1990) in denying a

defendant's claim that he received ineffective assistance of counsel in that "implications of the

Paperwork Reduction Act of 1980 were never raised."

The court held, at p. 38:

> The regulations do not need a number because the requirement to file a tax return is mandated by statute, not by regulation.  Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return.  <u>See</u>, 26 U.S.C. §§ 6012 and 7203.  The Paperwork Reduction Act, therefore, does not apply to the statutory requirement, but only to the forms themselves, which contained the appropriate numbers.

Similarly, in <u>United States v Crocker</u>, 753 F.Supp. 1209, 1215 (D.Del. 1990) the court held that

the OMB requirement of the PRA "does not extend to the accompanying instruction booklets."

Furthermore, the court held that to classify the instructions as "information collection requests"

"would not further any of the statutory purposes of the PRA . . . [and] as the Supreme Court

stated in <u>Dole</u>, if none of Congress' listed purposes for the PRA would be served by including an

item under the Act's coverage, this is 'strong evidence that congress did not intend the Act to authorize OMB review' of the item.  110 S.Ct. at 936."  <u>Crocker</u>, <u>supra</u>, 753 F.2d at 1216.

The District of Kansas, in <u>United States v Karlin</u>, <u>supra</u>, 762 F.Supp. 911, 912, 913, found"

> [I]n the present case, the argument advanced by the defendant is slightly different.  The defendant does not argue that the <u>tax forms</u> are invalid, but that the <u>instructions</u> accompanying the tax forms do not contain OMB control numbers and are therefore invalid . .  To the extent that the PRA applies to federal tax returns, its requirements are fully satisfied by PRA compliance in the return forms themselves; satisfaction of PRA requirements is not required of accompanying instructional information.

In <u>Brewer v United States</u>, 764 F. Supp. 309, 316 n. 4 (S.D.N.Y. 1991), in an injunctive action brought by a taxpayer, the plaintiff sought protection from penalty for not filing a form 1040 (which had an OMB number) by claiming that the instructions and regulations (which did not have OMB numbers) accompanying the 1040 were not in compliance with the PRA.  The court however, disagreed.

While the regulations and the instruction booklet may facilitate the completion of a 1040 form, neither are information collection requests within the meaning of the Act, <u>United States v Crocker</u>, 753 F.Supp. 1209, 1216 (D. Del. 1991), and, therefore, do not need to carry OMB numbers.  Moreover, the requirement to file a tax return is mandated by statute, not by regulation, and the Paperwork Reduction Act does not apply to statutes, only to the forms themselves which contained the appropriate numbers.  <u>United States v Wunder</u>, 919 F.2d 34, 38 (6th Cir. 1990).

21

L.     MISCELLANEOUS

The Federal Rule of Evidence provides at Rule 402 that "Evidence which is not relevant

is not admissible.  Rule 401 defines "Relevant" as:

> "Relevant evidence" means evidence having any tendency to make
> the existence of any fact that is of consequence to the
> determination of the action more probable or less probable than it
> would be without the evidence.

<u>CONCLUSION</u>

For each of the reasons stated herein, the Government respectfully requests this Court to

grant the Government's Motion in Limine.

Respectfully submitted,

CHARLES R. GROSS
United States Attorney


Dated: September 22, 2008        <u>  /s/ Donald A. Davis                     </u>
DONALD A. DAVIS
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan  49501-0208
(616) 456-2404

22