UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

* * * * *

UNITED STATES OF AMERICA,

        Plaintiff,                Case #1:07-CR-94

-vs-                              Hon. Robert J. Jonker

DANIEL DOYLE BENHAM,

        Defendant.

| | |
|---|---|
| Donald A. Davis | John M. Karafa (P36007) |
| UNITED STATES ATTORNEY'S OFFICE | MCCROSKEY LAW |
| Attorney for Plaintiff | Attorney for Defendant |
| P.O. Box 208 | 1440 Peck Street, P.O. Box 27 |
| Grand Rapids, MI  49503 | Muskegon, MI  49443 |
| (616) 456-2404 | (231) 726-4861 |

# DEFENDANT DANIEL BENHAM'S BRIEF IN SUPPORT OF RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

Now comes Defendant, Daniel Doyle Benham by his attorney John M. Karafa, and for his brief in support of response to the Government's motion states as follows:

## I.  THE ELEMENT OF "WILLFULNESS" AND THE PRINCIPLE OF "GOOD FAITH BELIEF"

In its motion in limine the Government, before having even submitted for consideration the exhibits it intends to requests be admitted at trial against this Defendant, attempts to anticipate Defendant's "possible" evidence and preclude it with a pretrial order under Rule 103(c) of the Federal Rules of Evidence.  FRE 103(c) provides:

Hearing of Jury. – In jury cases, proceedings shall be conducted, to the extent

practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

The threshold question is whether the Government seeks to preclude "inadmissible evidence" with its pretrial request. Defendant submits that the Government's motion reaches too far, at least in its implications, and threatens Defendant's Sixth Amendment Right to a jury's consideration of factual issues, particularly regarding the element of "willfulness".

## II. A "GOOD FAITH BELIEF" NEED NOT BE OBJECTIVELY REASONABLE

To prove a violation of 26 U.S.C. Section 7201, the Government must prove, among other things, that a Defendant acted "willfully" to violate the law. *Sansone v United States*, 380 US 343 (1965). *United States v Garavaglia*, 566 F2d 1056 (6th Cir. 1977). In his concurring opinion, Justice Scalia stated in *Cheek v U.S.*, 498 U.S. 192, at 207, "our opinions from the 1930's to the 1970's have interpreted the word 'willfully' in the criminal tax statutes as requiring the "bad purpose" or "evil motive" of "intentionally violating a known legal duty." Citing *United States v Pomponio*, 429 US 10 (1976); *United States v Murdock*, 290 US 389 (1933).

The majority opinion in *Cheek, supra*, held that a good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates the element of willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable.[1]

The Defendant in *Cheek* represented himself at trial and asserted in his testimony a variety

---

1 The court held that statutory willfulness protects the average citizen from prosecution for innocent mistakes made due to the complexity of the tax laws, citing *United States v Murdock*, 290 US 389, and described it as the "voluntary, intentional violation of a known legal duty." *United States v Pomponio*, 429 US 10, in reversing the conviction in *Cheek, supra*, on the basis of a jury instruction which infused an "objectively reasonable" component to the defendant's claimed good faith belief, the court noted that the defendant's arguments over the trial court's imposition of a standard of objective reasonableness violated his 1st, 5th, and 6th amendment rights was not addressed as the court invalidated the standard on statutory grounds. *Cheek, supra*, at 207, footnote 11.

2

of claims regarding his belief that he was not a person required to file a return or to pay income taxes, that wages are not taxable income, and other representations based on his testimony of having attended seminars, received information and documentation from others, etc., all of which formed his belief on the matter providing error with the trial court's instruction to the jury that only an <u>objectively reasonable misunderstanding</u> of the law negates the statutory willfulness requirement, the court in (Cheek) explained:

> *Willfulness, as construed by our prior decisions in criminal tax cases, requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. We deal first with the case where the issue is whether the defendant knew of the duty purportedly imposed by the provision of the statute or regulation he is accused of violating, a case in which there is no claim that the provision at issue is invalid. In such a case, if the government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement. But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he has a good-faith belief that he was not violating any of the provisions of the tax laws. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. In the end, the issue is whether, based on all the evidence, the government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.*

Cheek, supra, at 202.

And further:

> *We thus disagree with the Court of Appeals' requirement that a claimed good-faith belief must be objectively reasonable if it is to be considered as possibly negating the government's evidence purporting to show a defendant's awareness of the legal duty at issue. Knowledge and belief are characteristically questions for the fact finder, in this case the jury. Characterizing a particular belief as not objectively reasonable transforms the inquiry into a legal one and would prevent the jury from considering it. It would of course be proper to exclude evidence having no relevance or probative value with respect to willfulness; but it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a*

> *serious question under the Sixth Amendment's jury trial provision. (citations omitted). It is common ground that this court, where possible, interprets congregational enactments so as to avoid raising serious constitutional questions. (citations omitted) It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be. Of course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the government has carried its burden of proving knowledge.*

Cheek, Id. at 203 – 204.

The word "willfully" has been held to have the same legal significance in its definition in both the felony and the misdemeanor contexts under the tax laws. *U.S. v Bishop*, 412 US 346. Thus, the requirement of an offense committed "willfully" is not met "if a taxpayer has relied in good faith on a prior decision of this court." *Bishop*, at 361 (1973). (See also *United States v Pensyl*, 387 F3d 456 (6th Cir. 2004) wherein the trial court's instructions were approved, though not held to be required, to the extent they differed from the erroneous instructions in *Cheek, supra*.

In *Pensyl*, the trial court instructed the jury that they could consider the reasonableness of Defendant's belief as a factor in determining whether he actually held and acted upon that belief, and also went so far as to remind the jury that a "farfetched belief is less likely to be an honest belief." However, "unlike the court in *Cheek*, . . . it did not preclude the jury from finding that a farfetched belief was still an honest one." *Pensyl*, at 459.

### III.  GOVERNMENT'S SPECIFIC REQUESTS IN ITS MOTION

### A.  <u>EVIDENCE REGARDING THE CONSTITUTIONALITY OR LAWFULNESS OF THE INCOME TAX LAWS OF THE UNITED STATES.</u>

Defendant recognizes that an argument to the jury that Defendant acknowledges the tax

law but disagrees with it, does not constitute a good faith defense in negating the "willfulness" element.  However, evidence in any permissible form, supporting the Defendant's good faith belief that he was not legally obligated to file income tax returns, however erroneous or unreasonable the belief may be, should not be excluded.

    B.   <u>EVIDENCE CHALLENGING THE VALIDITY OF FEDERAL RESERVE NOTES AS LEGAL TENDER OR THE MONETARY SYSTEM OF THE UNITED STATES.</u>

To the extent the Government's broadly stated position has merit, Defendant Benham nonetheless remains entitled to present evidence establishing his good faith belief, however erroneous or unreasonable it may be, that the "invalidity of the federal monetary system" would not require his compliance with the referenced statutory obligations.

    C.   <u>EVIDENCE ALLEGING THAT WAGES OR OTHER GAINS ARE NOT INCOME.</u>

Presuming the correctness of the Government's position that the Defendant is precluded from challenging the proposition that wages on these particular facts are subject to taxation, the Government does not appear to argue, as it cannot, that evidence of Defendant's good faith belief in this proposition, however erroneous or unreasonable it may be, relating to the element of "willfulness", should be precluded.

    D.   <u>THIRD-PARTY TESTIMONY REGARDING DEFENDANT'S STATE OF MIND.</u>

The Government argues that third party testimony is precluded as inadmissible hearsay. The Government misconstrues the hearsay rule in this regard, and its exceptions.  FRE 801(c) states that "hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  For example, if a third party witness stated that Defendant Benham once explained or claimed that "my wages are not

taxable income", this would not be hearsay because the testimony of such third party witness would not be offered for the truth of the matter asserted, i.e. that "wages are not income".  This is a legal conclusion.

Rather, the question is whether the statement is relevant, FRE 401[2], to Defendant's defense on the Government's burden of proof that Defendant's alleged non-compliance was "willful".  This is particularly so since the Government, as it has stated on the record in court, is prepared to offer substantial evidence serving to undermine any defense of good faith.

Additionally and alternatively, even if such third party evidence would constitute hearsay, any one or more of various exceptions appear applicable, including FRE 803(1) – present sense impression, or sub part (3) – then existing mental . . .condition . . . (such as intent, planning, motive, design . . .).

Further, FRE 806 – attacking and supporting credibility of declarant – may well apply based on the Government's anticipated evidence and arguments that Defendant did not have a good faith belief that he was not subject to the tax laws.  Moreover, ultimately FRE 807 – residual exception – may be found applicable to the extent the court finds "equivalent circumstantial guarantees of trustworthiness" in the proffered statement not otherwise covered by the hearsay exceptions.

E.  <u>ANY EVIDENCE WHICH ATTEMPTS TO SUGGEST THAT THE FIFTH AMENDMENT PROHIBITION AGAINST COMPELLED SELF-INCRIMINATION IN A DEFENSE TO THE FAILURE TO FILE A TAX RETURN.</u>

To the extent the Defendant would present evidence to show his good faith belief as to

---

2 Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

whether the Fifth Amendment right against self incrimination presents a defense to the failure to file a tax return, however erroneous or unreasonable such belief may be, the evidence should not be precluded on the issue of "willfulness". The Government's argument does not appear to disagree with this proposition.

F.   DOCUMENTARY EVIDENCE PURPORTEDLY RELIED UPON BY DEFENDANTS IN DETERMINING THAT THEY WERE NOT REQUIRED TO FILE FEDERAL TAX RETURNS.

Again, the Government seeks to preempt Defendant's defense, before the evidence has even been admitted in the Government's case in chief. The question is whether the evidence is relevant, as all evidence determined to be relevant is admissible, FRE 402, subject to limitations imposed by other legal principles. To the extent documentary evidence relates in a relevant way to Defendant's good faith belief and the Government's burden on the element of willfulness, there should be no preclusion of such evidence.

G.   EVIDENCE REGARDING CIVIL PROCEDURES FOR COLLECTING TAXES.

Defendant may agree that the civil enforcement system is distinct from the criminal laws, and the fact that a civil enforcement mechanism exists does not preclude criminal liability, as a general matter of law. However, the Government does not appear to argue, as it should not, that evidence that might be offered by or on behalf of the Defendant in support of his "good faith belief" and in response to evidence offered by the Government on the element of "willfulness" should be precluded, to the extent found relevant to Defendant's claimed belief.

H.   DEFENDANT'S STATUS.

The Government's motion in limine relates to evidential issues, not jurisdictional

concerns. The Government seeks to preclude Defendant's "possible evidence" relating to what may be Defendant's belief that "persons subject to the taxes imposed under title 26 of the United States Code" did not, at relevant times, include Defendant for whatever reason. To this extent, the Government's motion sweeps too far as precluding evidence that may well be relevant to the Defendant's good faith beliefs, as such evidence may bear on the jury's consideration of the element of "willfulness".

I.    COURT'S JURISDICTION.

The Government seeks to preclude Defendant's "possible evidence" relating to what may be Defendant's belief that "persons subject to the taxes imposed under title 26 of the United States Code" did not, at relevant times, include Defendant for whatever reason. However, evidence relating to the Defendant's good faith belief that the court is without jurisdiction, however erroneous or unreasonable it may be or appear to the jury, may nonetheless remain relevant to the Defendant's response to the Government's evidence in support of its proofs on the element of "willfulness", and should be admitted.

J.    "TAX EXPERTS".

The Defendant has not hired and does not intend, at this time based on his present counsel's representation and discussions, to present any tax experts at trial.

K.    PAPERWORK REDUCTION ACT.

Again, the government provides a legal argument that the Paperwork Reduction Act of 1980 (PRA) "prohibits penalizing any person for failing to provide or maintain information for the Internal Revenue Service if the form 1040 and the instructions and regulations related to it do not have a current control number assigned by the director of OMB." (Government brief, p. 18) Even

8

if the Government's assertion is correct on the law, nonetheless as to the evidential value of such evidence, the Defendant's good faith belief that the PRA and theories developed relating to it relieved him of any obligation under the tax laws, however erroneous or unreasonable such a belief may have been, would remain relevant to the jury's consideration on the government's burden to prove "willfulness" and should be admitted.

     L.  <u>MISCELLANEOUS.</u>

Defendant does not disagree that relevant evidence, defined in FRE 401, is admissible under FRE 402, and that irrelevant evidence is not admissible, as a general rule.

Respectfully Submitted,
MCCROSKEY LAW

Dated: September 23, 2008        /s/  John M. Karafa
John M. Karafa
Attorney for Defendant