```
                  UNITED STATES DISTRICT COURT

         WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION


UNITED STATES OF AMERICA              Case No. 1:07-cr-94

vs.                                   Grand Rapids, Michigan
                                      May 9, 2008
DANIEL DOYLE BENHAM,                  3:07 p.m.

           Defendant.                 HON. GORDON J. QUIST
_____/


                        FIRST APPEARANCE
            BEFORE THE HONORABLE JOSEPH G. SCOVILLE
                 UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Government:      Mr. Donald A. Davis
                         United States Attorney's Office
                         The Law Building - Fifth Floor
                         330 Ionia Ave., NW
                         Grand Rapids, MI  49503
                         (616) 456-2404


For the Defendant:       No Appearance
```

1                    Grand Rapids, Michigan
2                    Friday, May 9, 2008 - 3:07 p.m.
3            THE COURT:  This is case number 1:07-cr-94, United
4    States versus Daniel Doyle Benham.  Mr. Davis for the government.
5            Is your name Daniel Doyle Benham?
6            THE DEFENDANT:  Yes, sir.
7            THE COURT:  Mr. Benham, you're in federal court
8    because the government's bringing five felony charges against
9    you.  Those charges are contained in a document called the
10   Superseding Indictment.  Have they given you a copy of that?
11           THE DEFENDANT:  I haven't seen anything, sir.
12           THE COURT:  Mr. Davis is giving you a copy now so I
13   understand you haven't seen it yet.
14           Just very generally, Counts 1, 2, 3, and 4 charge you
15   with separate instances of income tax evasion.  Count 1 for the
16   2000 tax year.  Count 2 for the 2001 tax year.  Count 3 for the
17   2002 tax year.  And Count 4 for the 2003 tax year.  Each of those
18   charges, if you're convicted, carries with it up to five years in
19   prison, up to three years thereafter of supervised release, plus
20   fines and penalties.
21           Then Count 5 is of a different nature.  It's a
22   bankruptcy fraud charge.  Count 5 alleges that from July 30th of
23   2003 to November 19th of 2003 that you filed a false petition for
24   voluntary bankruptcy under Title 11 of the bankruptcy code; false
25   because it contained allegedly false statements concerning your

1 assets and income.

2 And you can read these counts to acquaint yourself
3 with the details. This is punishable by up to five years in
4 prison in addition to fines and other penalties.

5 Now, first of all you have the right not to make a
6 statement concerning these charges. If you do make a statement
7 whatever you say can be used against you in court. Do you
8 understand that?

9 THE DEFENDANT: Yes, sir.

10 THE COURT: You have the right to the assistance of
11 an attorney at every stage of the case against you. You can
12 retain your own counsel if you're able, and if you are
13 financially unable to do so the Court will appoint a lawyer for
14 you at no charge.

15 Are you asking the Court to appoint a lawyer for you?
16 THE DEFENDANT: Yes, sir.
17 THE COURT: Are you working 40 hours a week pretty
18 much?
19 THE DEFENDANT: I just got the job about two weeks
20 ago. I was supposed to be scheduled for 80 every other week,
21 yes, but I believe that's probably shot now since armed marshals
22 were at doorstep at the office this morning. Followed me from my
23 home, too. I think I believe I may be damaged because I just
24 lost my job I'm certain as a result of this morning's incident.
25 THE COURT: Okay. Well --

1  THE DEFENDANT: I would have came in if they'd called
2 me, sir. I always have before in the past.
3  THE COURT: You don't think there's any equity in the
4 house?
5  THE DEFENDANT: I don't believe so. We just bought
6 it in August, and with me going backwards I'm assuming that
7 there's not.
8  THE COURT: Right. I think everybody has gone
9 backwards --
10  THE DEFENDANT: Yes.
11  THE COURT: -- since August. Now, these time shares,
12 you value them at $2500?
13  THE DEFENDANT: That's hearsay from the realtor
14 people down in Florida. That's what they're telling us that we
15 realistically should get for it, and I've also done research on
16 line to find out how much they're selling for. So if it's off I
17 apologize. I'm just trying to get to the closest I can.
18  THE COURT: Okay. Well, I don't know how time shares
19 work so the idea here is if you tried to sell this it would be
20 worth maybe 2500 bucks.
21  THE DEFENDANT: Yeah, we basically were promised one
22 week out of the year at that certain resort.
23  THE COURT: Okay. I find that you do qualify for the
24 appointment of an attorney and I will appoint one for you.
25  THE DEFENDANT: Thank you, sir.

1 THE COURT: Mr. Davis, what's the government's
2 position on bond?
3 MR. DAVIS: Your Honor, the evidence suggests that
4 Mr. Benham is a tax protestor. When he was arrested this morning
5 he uttered several of the typical tax protester slogans and the
6 usual rhetoric which gave me concern that he would not recognize
7 the authority of the Court, his obligation to provide the Court
8 with his current address and also to promise to appear.
9 I have some reason to believe that he will do each of
10 those things; that is, acknowledge your authority and the Court's
11 authority, keep the Court posted on his address and will promise
12 to appear.
13 If he does all those things now we would not be
14 seeking detention and we would agree with the pretrial services
15 recommendation.
16 THE COURT: All right. Thank you.
17 Mr. Benham, the decision before me now is whether to
18 release you on bond. You heard what Mr. Davis said.
19 My principal concerns are that you appear for all
20 your court appearances, and that you abide by the law during the
21 time that you're on bond.
22 And I would propose to set what's called unsecured
23 bond, which you do not have to put up any money with the Court
24 but you just must promise to appear for all your court
25 appearances and abide by the other conditions that I set. And if

1 you do that then there won't be any action taken on the bond.  I
2 don't want to make this any harder on you than it already is.
3           So if I set a bond will you appear as required?
4           THE DEFENDANT:  I promise I will.
5           THE COURT:  All right.  I'll set bond at $20,000
6 unsecured and the requirements will be rather minimal, report to
7 the pretrial services officer as directed, keep the pretrial
8 services officer apprised of your residence; that means before
9 you move let them know if you already moved.  You're living at
10 661 North Lancaster?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  Muskegon.  And then remain in the State
13 of Michigan unless you have the previous permission of the
14 pretrial services officer or the Court to travel.  Just those
15 things.  All right.
16          If you are faithful to the conditions of your bond
17 there won't be any action taken on the bond.  If you fail to
18 appear or fail to abide by any other condition your bond may be
19 revoked, you may be held in jail pending your trial, and you may
20 be charged with a separate felony for failure to appear for which
21 the penalties are in addition to everything else you face in the
22 case.
23          The clerk will give you an oath on your bond.
24          (Defendant sworn on his bond.)
25          THE COURT:  Okay.  Mr. Benham, assuming you still do

1 have your job, what are your hours?

2         THE DEFENDANT: 8:30 to 4:00. Excuse me, 8:00 to
3 4:30, I'm sorry.

4         THE COURT: 8:00 to 4:30.

5         THE DEFENDANT: Then I'm a soccer dad after that five
6 days a week so I'm pretty much home by 6:00-6:30-ish.

7         THE COURT: Well, I'm just trying to figure out the
8 next time you're to be in court, and I wanted to try to avoid
9 forcing you to miss work but it looks like I won't be able to do
10 that.

11         THE DEFENDANT: With the position that I currently
12 have the mornings are quite hectic but the afternoons are lax so
13 I'm sure there's a lot more freedom in the afternoon if that
14 appeals to the Court's schedule.

15         THE COURT: Okay. What if we said Wednesday at 3:00.
16 This would be a 15-minute proceeding then you'd be able to get
17 back to Muskegon for whatever else you need to be doing.

18         Would that be all right with the government?

19         MR. DAVIS: Yes, your Honor.

20         THE COURT: All right. The arraignment and initial
21 pretrial conference will be set for this Wednesday, the 14th, at
22 3:00. You should hear from your attorney before that but even if
23 you don't you're to be here unless they tell you that it's been
24 moved for some reason. That's for the arraignment and initial
25 pretrial conference. Okay.

1    I advise you throughout this case you have a
2 constitutional right to remain silent.  This means you can't be
3 forced to talk to any of the government officers or attorneys who
4 are working on the case against you.  You also have the right to
5 speak to your appointed attorney before deciding to say anything
6 to the government.  If you make a statement and give up these
7 rights whatever you say can be used against you in court.  Do you
8 understand that?
9    THE DEFENDANT:  Yes, sir.
10    THE COURT:  Anything more in this matter then, Mr.
11 Davis?
12    MR. DAVIS:  Thank you.  No, your Honor.
13    THE COURT:  All right.
14    Then you'll be brought down to the fifth floor
15 lockup.  They'll release you from there.  You need to see the
16 pretrial services officer on the first floor, Ms. Snow, and then
17 you're free to go until Wednesday at 3:00.
18    (At 3:16 p.m., proceedings adjourned)
19                                  _ _ _ _ _

9

CERTIFICATE


    I, Patricia R. Pritchard, CER 3752, Certified Electronic Court Reporter for the State of Michigan, do hereby certify that the foregoing pages, 1 through 9, inclusive, comprise a full, true and correct transcript, to the best of my ability, of the proceedings and testimony recorded in the above-entitled cause.


October 1, 2008               Patricia R. Pritchard  /S/
                                      Patricia R. Pritchard, CER 3752