**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 09-1184/10-2281

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 14, 2011
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE WESTERN DISTRICT OF |
| DANIEL D. BENHAM, ) | MICHIGAN |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: MERRITT and ROGERS, Circuit Judges; FORESTER, District Judge.[*]

Daniel D. Benham, a federal prisoner proceeding pro se, appeals his conviction and sentence on four counts of income tax evasion and bankruptcy fraud, as well as the district court's denial of his post-judgment motion for release on bond pending appeal. He also moves for a default judgment, discovery, and other miscellaneous relief. The cases have been consolidated and referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

A jury found Benham guilty of the above charges. A presentence report calculated the sentencing guideline range at 41 to 51 months, but the district court imposed an upward variance and sentenced Benham to 72 months of imprisonment. Benham moved for release on bond pending appeal, which the district court denied. Benham also moved for reconsideration of that order, and recusal of the district court judge, which were also denied. These appeals followed.

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Appointed counsel filed a brief for Benham on the direct appeal arguing that the district court erred in excluding evidence that Benham believed would show that he did not willfully violate the law because of his good faith beliefs, and that the sentence imposed was unreasonable. This court granted Benham's motion to proceed pro se on appeal, allowed counsel to withdraw, and permitted Benham to file a supplemental brief. In the consolidated appeal, Benham argues that the district court judge abused his discretion in failing to recuse himself and in failing to grant the motion for release on bond pending appeal.

The first issue raised in counsel's brief on direct appeal is that Benham was precluded by the district court's evidentiary rulings from introducing evidence that would show that he had a good faith belief that he was not violating the law, negating the element of willfulness. *See Cheek v. United States*, 498 U.S. 192, 202-03 (1991). The government counters that Benham waived this issue by failing to make an appropriate offer of proof at trial, citing *United States v. Miller*, 115 F.3d 361, 364-65 (6th Cir. 1997). Review of the transcript of Benham's testimony shows that the trial judge sustained objections to testimony about the substance of the law, stating that the judge would instruct the jury on the law. But Benham was allowed to testify about his own beliefs. Benham cites no specific piece of evidence which should have been admitted to support his argument that he had a good faith belief that he was not violating the law. Moreover, Benham has not carried his burden of showing that any excluded evidence would have created a reasonable doubt of his guilt. *United States v. Blackwell*, 459 F.3d 739, 753 (6th Cir. 2006).

Counsel's brief also raised the issue that the sentence in this case was unreasonable. A sentence is reviewed for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Review of the sentencing transcript in this case shows no procedural or substantive unreasonableness. The district court adopted the guideline range calculation in the presentence report, heard argument from all parties as to the remaining sentencing factors, and discussed those factors, including the need to promote respect for the law, to reflect the seriousness of the offense, to deter others, to protect the public, and to rehabilitate the prisoner. The most important factor cited by the district court in imposing an upward variance was that, in addition to evading his own taxes, Benham conducted seminars and sold materials advising

others to do the same. Nothing presented by Benham required the court to impose a lower sentence and, therefore, no abuse of discretion is apparent. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008).

Most of the argument in Benham's supplemental brief is addressed to frivolous claims such as his allegation that his crimes were committed on land outside the special maritime or territorial jurisdiction of the United States. *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (and cases cited).

Among the other discernible claims in his brief, Benham argues that the district court erred in denying his motion for substitute counsel and denied him his right of self-representation. Review of the transcript of the hearing on the motion for substitution of counsel shows that the district court properly concluded that appointed counsel was performing effectively and that Benham needed to listen to his advice with regard to what issues should be raised. Benham wished to have hybrid representation, where he would be free to inundate the court with frivolous filings against his counsel's advice. He has no constitutional right to such representation. *See United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). The record also does not support Benham's argument that he requested to represent himself in the district court at any point.

This court has previously rejected Benham's argument that retroactive application of the holding in *United States v. Booker*, 543 U.S. 220 (2005), which resulted in a sentence above the guideline range, violated the Ex Post Facto Clause. *See United States v. Barton*, 455 F.3d 649, 657 (6th Cir. 2006).

Benham also argues in a conclusory fashion that the district court erred in adopting the presentence report's recommendation on sentence enhancements. Enhancements were imposed for obstruction of justice and use of sophisticated means. The district court found that Benham obstructed justice by writing threatening letters to banks, filing false tax forms and tax returns, sending a deluge of frivolous documents to the IRS, resisting the service of process, and other methods. The district court also found that Benham used sophisticated means by using offshore accounts and forming alter-ego corporations. Benham has not shown that any of these factual findings were clearly erroneous. *See United States v. Camejo*, 333 F.3d 669, 674-75 (6th Cir. 2003).

Finally, Benham argues that his trial counsel was ineffective. However, such claims must be raised in a motion to vacate sentence under 28 U.S.C. § 2255, as the record is insufficient to address them on direct appeal. *See United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007).

Turning to the consolidated appeal, Benham argues that the district court judge should have recused himself. The denial of a motion for recusal is reviewed for an abuse of discretion. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). The party seeking recusal is required to show that the judge exhibited a personal bias emanating from a source other than the judge's participation in these proceedings. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). No abuse of discretion occurred here, where nothing outside the proceedings below has been shown to have influenced the judge. Benham argues that he filed a complaint against the judge, but the complaint also arose from the conduct of these proceedings.

Benham also argues that the district court erred in denying his motion for release on bond pending appeal. The denial of a motion for release on bond is also reviewed for an abuse of discretion. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). There is a presumption against release pending appeal, *id.*, and a convicted and sentenced party shall be detained unless he establishes that he is not likely to flee and that his appeal raises substantial questions. 18 U.S.C. § 3143(b). In this case, no abuse of discretion occurred because the record does not show that Benham was not likely to flee. He is serving a 72-month sentence, is divorced, and has displayed a pattern of refusing to comply with federal authorities. Moreover, the district court judge was familiar with the issues Benham sought to raise in this case and correctly concluded that no substantial question would be involved.

Accordingly, all pending motions are denied, and the district court's judgment, as well as the orders denying recusal and release on bond pending appeal, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

                                            ENTERED BY ORDER OF THE COURT

                                                              Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 14, 2011

Daniel D. Benham
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Re: Case No. 09-1184 /10-2281 , *USA v. Daniel Benham*
Originating Case No. : 07-00094-001

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc: Ms. Tracey Cordes
    Mr. Donald A. Davis
    Ms. Kathleen Grinold Sample

Enclosure

Mandate to issue